13711

WERLE v. FENNER *ET AL.*

(171 S. E., 479)

*Messrs. Mitchell & Horlbeck,* for appellants,

*Messrs. Buist & Buist,* for respondent,

November 6, 1933.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

The plaintiff, L. A. Werle, commenced this action against the defendants, Charles E. Fenner, Alpheus C. Beane, Joseph N. Carpenter, Jr., Charles W. Shepard, and Edward F. Mayberry, in the Court of Common Pleas for Charleston County, March 30, 1929, for recovery of judgment in the sum of $2,407.00. As a basis for the action, the plaintiff alleges, in substance, that he delivered to the defendants twenty-nine shares of stock of Standard Oil Company of

New Jersey, under an agreement that the said stock should be held by the defendants to secure the payment of such sums of money as the plaintiff might from time to time owe the defendants, or any of them, and that said stock was so held by the defendants; that on or about the 25th of April, 1928, the defendants, acting through the defendant Mayberry made demand upon the plaintiff for the payment of "various and sundry sums of money that the defendants claimed to be owing by the plaintiff to them, the said defendants," which claims the plaintiff denied owing, and refused to pay the same, alleging that the said claims were unjust and untrue; that thereafter, after making repeated demands upon the plaintiff, the defendants, on or about May 11, 1928, "appropriated to themselves, converted to their own use" the said twenty-nine shares of stock, the property of the plaintiff, and "sold the same and tortiously deprived the plaintiff of his said property"; that thereafter the value of said stock became $83.00 per share, making the total value of said stock $2,407.00; that, by reason of the acts stated above, the defendants "wrongfully, tortiously and illegally converted and misappropriated the said stock, property of the plaintiff," and deprived him of his right and title to the same to his damage in the said sum above named.

By way of answer, the defendants admitted that the defendant Mayberry is the agent and representative at Charleston, S. C., of the other defendants, and that he is manager of the Charleston office of Fenner & Beane, where he receives and executes orders for Fenner & Beane, and admitted the delivery to them of the stock in question, and that under an agreement entered into between the parties the said stock was held by the defendants to secure the plaintiff's account with the defendants; that, after making frequent demands upon the plaintiff for payment of his accounts, and payment not being made, the defendants, about May 11, 1928, sold the said twenty-nine shares of stock of Standard Oil Company, pursuant to an agreement under which the

said stock was delivered to the defendants and applied the proceeds of sale to the plaintiff's account.

The defendants, in further answer to the allegations of the complaint, and for affirmative relief and a counterclaim, alleged, in substance, that on August 15, 1927, the plantiff requested the defendant to execute an order to sell for his account one hundred shares of stock of Central Leather Company, which order constituted what is known as a "short sale," and implied that "defendants would execute the order on New York Stock Exchange and that the plaintiff would on demand of the defendants furnish said one hundred shares of Central Leather or in lieu thereof would pay to the defendants the equivalent of the market value of said shares as of date of such demand and so that with these funds the defendants could buy the shares in open market"; that, contemporaneously with the order to sell, "the plaintiff deposited with the defendants 29 shares of the stock of the Standard Oil Company of New Jersey as a security or margin to fulfill his contract," under an agreement referred to hereinafter; that thereafter the defendants, in pursuance of this order, on or about the 15th day of August, 1927, sold for the plaintiff's account one hundred shares of Central Leather at the price of $16.75 a share, the total sum being $1,675.00, which sum, the defendants alleged, the plaintiff owed them on account of said order. Thereafter, October 26, 1927, according to defendants' allegations, the plaintiff gave the defendants an order to buy one hundred shares of the said Central Leather stock at $25.00 a share, for the purpose of closing his account, but at that time the defendants were unable to execute this order on the New York Stock Exchange, "for the reason that the said stock was not available to purchase at that time"; that, according to defendants' allegations, the market continued to rise, and the defendants requested the plaintiff "to deliver to them one hundred shares of stock of Central Leather to fulfill his contract or to deposit additional margin to secure his ac-

count, which the plaintiff refused to do," although the defendants requested the plaintiff repeatedly to do so. The defendants further contended, under their allegations, that on or about the 11th of May, 1928, for the purpose of protecting themselves, they were forced to go into the open market and purchase one hundred shares of United States Leather at the price of $48.00 a share, a total sum of $4,-815.00, including commissions, to deliver in the place of Central Leather, which the defendant were unable to procure, and, on account of this fact, the plaintiff became indebted to the defendants in the sum of $3,125.00; that on the same date, May 11, 1928, the defendants sold the said 29 shares of Standard Oil stock, and also other collateral for $2,088.00, and applied this sum of money to the balance of $3,125.00, due the defendants by the plaintiff, leaving a balance of $1,037.00 owing the defendants, for which sum the defendants allege they have made repeated demands, but the plaintiff has refused to pay the same. Whereupon, based on these allegations, the defendants asked judgment against the plaintiff in the sum of $1,037.00.

Issues being joined, the case was tried at the November, 1931, term of said Court before Hon. S. W. G. Shipp, Circuit Judge, and a jury, resulting in a verdict being directed for the defendants for the amount of their counterclaim. Thereafter, on motion of the plaintiff's counsel, his Honor, the trial Judge, after due consideration, ordered a new trial on the ground that his Honor erred in not submitting to the jury the question of agency of the brokers (Fenner & Beane) as to whether or not it was their duty to notify the plaintiff of their action in delivering one hundred shares of United States Leather stock in the place of Central Leather stock.

From the said order of his Honor, Judge Shipp, granting a new trial, the defendants, pursuant to due notice, have appealed to this Court.

The main question involved in the appeal, while other questions are raised and discussed in the briefs of counsel

for the litigants, is whether the presiding Judge erred in ordering a new trial. For the reasons assigned by his Honor, as set forth in his order, which order will be incorporated in the report of the case, we think his Honor properly ordered a new trial, for under our view of the case the same should have been submitted to the jury to decide disputed questions of fact growing out of the testimony. We do not consider it necessary to discuss the other questions referred to by counsel.

The order appealed from is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and BONHAM concur.